**Nathan G. Wagner**
SIEFERT & WAGNER, PLLC
1821 South Avenue West, Suite 501
Missoula, Montana 59801
Telephone: 406-226-2552
Facsimile: 406-226-2553
E-Mail: nate@swl.legal; mail@swl.legal

**Mathew M. Stevenson**
STEVENSON LAW OFFICE
1640 South Avenue West
Missoula, Montana 59801
Telephone: 406-721-7000
Facsimile: 406-830-3031
E-Mail: matstevenson@bigskylegal.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| NATHAN ROLFS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF GREAT FALLS; CASCADE COUNTY; LANCE SOUZA; JOSH GARNER; KRISTI KINSEY; JONATHAN MARSHALL; JEFF BRAGG; JESSE SLAUGHTER; JACOB VANZUYT; DAVID BOWEN; DOES 1-10; and CORPORATIONS A-J,<br><br>Defendants. | Cause No. CV-23-03-GF-BMM-JTJ<br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Nathan Rolfs, Plaintiff, for his claims against Defendants, alleges as follows:

## NATURE OF ACTION

1. This is a civil rights action arising from Defendants' use of excessive force, violation of policies and procedures, and negligence, resulting in serious injury to Plaintiff, on or about January 21, 2020, in Great Falls, Cascade County, Montana. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of Montana. Congress enacted the Civil Rights Act in order to protect the rights of Nathan and others similarly situated that are guaranteed to all Americans by the Constitution. In this action, Defendants acted unreasonably, in the absence of good faith, and without due care thereby violating Nathan's clearly established rights.

## JURISDICTION AND VENUE

2. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because this action arises under the Constitution and law of the United States, and because the Court has supplemental jurisdiction over the state law claims under 18 U.S.C. § 1367.

3. Venue is proper in this Court because the acts and omissions affirmatively alleged herein occurred in Great Falls, Cascade County, Montana.

4. Because these claims are not made against the State of Montana or one of its agencies, Mont. Code Ann. § 2-9-301 does not apply and Plaintiff is not required to

present his claims to the Department of Administration before filing this Complaint in District Court.

**PARTIES**

5. Nathan brings this action against Defendants for the damages sought herein. Nathan is a resident of Cascade County, Montana.

6. Defendant, Cascade County ("the County"), is a political subdivision of the state of Montana. At all times relevant, the County was responsible under the laws of agency, vicarious liability and *respondeat superior* for all wrongful, negligent and/or other improper conduct, acts and/or omission of the Cascade County Sheriff's Office ("CCSO") and the Cascade County Detention Center ("CCDC"), as well as its officers, agents, and employees. CCSO is the County's law enforcement division. CCDC is the County's detention facility.

7. Defendant, the city of Great Falls ("Great Falls"), is a political subdivision of the state of Montana. At all times relevant, the City was responsible under the laws of agency, vicarious liability and *respondeat superior* for all wrongful, negligent and/or other improper conduct, acts and/or omissions of the Great Falls Police Department ("GFPD"), as well as its officers, agents, and employees. GFPD is the City's law enforcement division.

8. Defendant, Lance Souza ("Souza"), is a police officer with GFPD. At all times relevant, Defendant Souza was acting within the course and scope of his employment. Defendant Souza is sued in his individual capacity.

9. Defendant, Josh Garner ("Garner"), is a police officer with GFPD. At all times relevant, Defendant Garner was acting within the course and scope of his employment. Defendant Garner is sued in his individual capacity.

10. Defendant, Kristi Kinsey ("Kinsey"), is a police officer with GFPD. At all times relevant, Defendant Kinsey was acting within the course and scope of her employment. Defendant Kinsey is sued in her individual capacity.

11. Defendant, Jonathan Marshall ("Marshall"), is a police officer with GFPD. At all times relevant, Defendant Marshall was acting within the course and scope of his employment. Defendant Marshall is sued in his individual capacity.

12. Defendant, Jeff Bragg ("Bragg"), is a Sergeant with GFPD. At all times relevant, Defendant Bragg was acting within the course and scope of his employment. Defendant Bragg is sued in his individual capacity.

13. Defendant, Jacob Vanzuyt ("Vanzuyt"), is a deputy with CCSO. At all times relevant, Defendant Vanzuyt was acting within the course and scope of his employment. Defendant Vanzuyt is sued in his individual capacity.

14. Defendant, Jesse Slaughter ("Slaughter"), is the Cascade County Sheriff. At all times relevant, Defendant Slaughter was acting within the course and scope of

his employment. Defendant Slaughter is sued in his individual capacity, and in his official capacity as the person responsible for establishing the law enforcement policies and procedures of Cascade County.

15. Defendant David Bowen was, at all times pertinent to this action, the Chief of Police of the Great Falls Police Department. Defendant Bowen was, at all times pertinent to this action, acting within the course and scope of his employment. Defendant Bowen is sued in his individual capacity, and in his official capacity as the person responsible for establishing the law enforcement policies and procedures of the City of Great Falls.

16. Defendants, Does 1-10, are individuals with identities currently unknown which bear some or all of the liability associated with Plaintiff's claims. It is Plaintiff's belief that these fictitious Defendants participated or assisted in the performance of the wrongful acts and omissions described within this Complaint, although the full extent of their involvement is unknown at this time. Alternatively, these Defendants acted as principles or agents, actual or ostensible of other named Defendants in performing the wrongful acts and omissions described herein, although the full extent of their involvement is currently unknown. Further, one or more of the Doe Defendants were, at all times relevant, responsible for the hiring, screening, training, supervision, rehabilitation and discipline of other Defendants. If

and when the names and capacities of these Defendants have been ascertained, appropriate amendments will be sought and accordingly filed.

17. Defendants, Corporations A-J, are entities with identities currently unknown which bear some or all of the liability associated with Plaintiff's claims. It is Plaintiff's belief that these fictitious Defendants participated or assisted in the performance of the wrongful acts and omissions described within this Complaint, although the full extent of their involvement is unknown at this time. Alternatively, these Defendants acted as principles or agents, actual or ostensible of other named Defendants in performing the wrongful acts and omissions described herein, although the full extent of their involvement is currently unknown. If and when the names and capacities of these Defendants have been ascertained, appropriate amendments will be sought and accordingly filed.

18. Upon information and belief, each of the Defendants named herein were, at all times relevant, agents, servants, employees, partners, joint venturers, co-conspirators, and/or alter egos of the remaining Defendants, and in engaging in the acts and omissions alleged herein were acting within the course and scope of those relationships. Upon further information and belief, each of the Defendants herein gave consent, aided, and assisted each of the remaining Defendants, and ratified and/or authorized the acts and omissions of each Defendant as alleged herein; thus, each Defendant is jointly and severally liable for the damages caused by each other

Defendant. All Defendants jointly engaged in tortious activity thereby resulting in the deprivation of constitutional rights.

## GENERAL ALLEGATIONS

19. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

20. On the morning of January 21, 2020, Plaintiff was residing with his mother in Great Falls.

21. Plaintiff and his mother began arguing and Plaintiff's mother told Plaintiff that he needed to leave her residence.

22. At all times relevant, Plaintiff's two (2) minor children were present at the home.

23. Plaintiff's mother contacted law enforcement to assist with removing Plaintiff from her home.

24. Defendants Garner and Souza arrived at the home at approximately 5:00 a.m., at which time they demanded that Plaintiff gather his belongings and leave the home.

25. Plaintiff gathered his belongings and then informed officers that, due to the conditions of his probation, he could not leave the residence until 6:00 a.m.

26. Defendants Garner and Souza physically seized Plaintiff and began to forcefully restrain him by pinning his arms behind his back.

27. Defendants Garner and Souza then dragged Plaintiff off of the porch of the home, and body-slammed him to the ground.

28. Plaintiff's minor daughter began filming the altercation from a window in the home.

29. Plaintiff's minor son also began filming the altercation from inside the home.

30. As Defendants Souza and Garner continued to pin Plaintiff to the ground, Defendant Souza repeatedly struck, punched and battered Plaintiff's head and upper body.

31. Defendant Souza also repeatedly struck Plaintiff in the ribs/torso area while Defendants Souza and Garner had the Plaintiff restrained on the ground.

32. Defendant Souza continued to strike Plaintiff's head and neck, resulting in bruises, cuts, abrasions, and blood flowing from his mouth and ear.

33. Defendants Kinsey and Marshall then arrived at the home, at which time they swarmed on top of the Plaintiff despite the fact that he was already restrained.

34. Defendants Kinsey, Marshall, Souza and Garner then rolled Plaintiff onto his stomach and placed him in handcuffs.

35. After Plaintiff was fully restrained in handcuffs, and while Plaintiff was being pinned to the ground by three other officers, Defendant Souza continued to strike Plaintiff in the ribs/torso with his knee, and continued to strike Plaintiff in the head with his hand or elbow.

36. Plaintiff repeatedly called out for help stating, "I'm not doing anything."

37. After the officers completed their beating of the Plaintiff, they then entered the residence and confiscated the children's phones (an iPhone 5 and an Android device) by threatening to charge them with obstruction of a police investigation by filming the incident from inside their own home.

38. Plaintiff was then transported to the Cascade County Detention Center, where he was Tasered twice by Cascade County Detention Center staff while he was already restrained in handcuffs.

39. As a result of the incident, Plaintiff was initially charged with two felony counts of assault on a police officer.

40. Plaintiff's assault charges were later dismissed.

41. Plaintiff suffered injuries as a result of the brutal attack and excessive use of force on him by Defendants.

**COUNT I – 42 USC § 1983**
**All Defendants**

42. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

43. Defendants' actions set forth above violated 42 USC § 1983 depriving Plaintiff of constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from unreasonable seizure, excessive and unreasonable force, and unlawful deadly force, as secured by the Fourth and Fourteenth Amendments.

44. Defendants' wrongful conduct was committed knowingly, maliciously, or with conscious and reckless disregard for the rights and safety of Rolfs.

45. As a direct and proximate result of Defendants' acts or omissions as set forth above, Rolfs sustained injuries and damages in an amount to be proven at trial.

46. The Defendants' conduct entitles Rolfs to an award of punitive damages and penalties allowable under 42 USC § 1983 and Mont. Code Ann. § 27-1-221.

**COUNT II – *MONELL* CLAIM**
**City of Great Falls, Cascade County, Chief David Bowen, Sheriff Jesse Slaughter and Does 1-10**

47. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

48. The unconstitutional actions or omissions of Defendants the City of Great Falls, Cascade County, Chief Bowen, Sheriff Slaughter, and Does 1-10 described above were taken pursuant to customs, policies, practices, or procedures of Great Falls Police Department, Cascade County Sheriff's Department, Chief Bowen, or Sheriff Jesse Slaughter, which were directed, encouraged, allowed, or ratified by the above-named, including but not limited to; the use of excessive force; the tolerance of the use of excessive force; failing to call for backup; escalating situations that did not warrant escalation; failure to use appropriate and generally accepted procedures for apprehending suspects; failing to investigate or evaluate prior complaints or incidents involving excessive force; failing to investigate and discipline violations of constitutional rights; encouraging or tolerating a "code of silence" among law

enforcement officers whereby officers refuse to provide adverse information against one another; tolerating or promoting inadequate, deficient and improper procedures for handling, investigating and reviewing complaints of officer misconduct; failing to discipline officers who use excessive force or commit other civil rights violations; tolerating recurring instances of violent and fatal interactions with the public; failing to maintain a process for identifying and deterring excessive use of force or other civil rights violations; failing to adopt adequate policies to effectively prevent the unnecessary use of excessive force, and failing to adopt adequate policies to effectively prevent unnecessary escalation of incidents.

49. Defendants Great Falls, Cascade County, Bowen, Slaughter and Does 1-10 failed to properly screen, retain, review, train, instruct, monitor, supervise, evaluate, investigate, and discipline Deputies and Does 1-10, and in so failing, acted with indifference to Plaintiff's constitutional rights.

50. Defendants Great Falls, Cascade County, Chief Bowen, Slaughter and Does 1-10 have approved, tolerated and ratified the unconstitutional conduct of the Officer Defendants by finding their actions in using force against Rolfs were justified and by failing to sanction or discipline the Officer Defendants.

51. The allegations set forth in Count II were the proximate cause of the deprivation of Rolfs' constitutional rights.

52. The allegations set forth in Count II were done maliciously and with conscious disregard for the safety and rights of Rolfs.

53. Rolfs has been damaged by the Defendants' actions in an amount to be proven at trial.

**COUNT III – NEGLIGENCE**
**All Defendants**

54. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

55. Each of the Defendants owed Rolfs a duty to act with reasonable care.

56. The duties owed by the Officer Defendants include the duty to: refrain from unnecessarily using excessive force; refrain from unnecessarily creating or escalating a situation where the use of excessive force might become necessary; refrain from abusing their authority; act reasonably under the circumstances in accordance with their training and experience; and to refrain from violating Rolfs' constitutional rights.

57. In addition, Great Falls, Cascade County, Chief Bowen and Sheriff Slaughter had a duty to use reasonable care to properly screen, investigate the background of, hire, train, supervise, monitor, evaluate, "de-program," and discipline its employees, agent, and law enforcement officers, including the Officer Defendants.

58. Great Falls, Cascade County, Chief Bowen and Sheriff Slaughter had a duty to make, adopt, enforce and act in conformance with policies, customs, and procedures that are lawful and protective of citizens' constitutional rights.

59. Great Falls, Cascade County, Chief Bowen and Sheriff Slaughter had a duty to refrain from making, adopting or enforcing policies, procedures, or customs that violate citizens' constitutional rights.

60. The Defendants breached each of their duties set forth above as alleged in this Complaint.

61. The Defendants' breach of their duties caused injuries and damages to Rolfs in an amount to be proven at trial.

WHEREFORE, Plaintiff requests the following relief against each and every Defendant, jointly and severally:

A. All past and future medical expenses;

B. All past and future physical and mental pain and suffering;

C. All out-of-pocket expenses;

D. All past and future wage loss;

E. Punitive damages under 42 USC § 1983 and Mont. Code Ann. § 27-1-221, in an amount to be proven at trial;

F. Plaintiff's costs of suit;

G. Reasonable attorney's fees and costs as allowed under state or federal law; and

H. Such further relief as the Court may deem just and equitable under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues appropriate for jury trial.

DATED this 20th day of January, 2023.

SIEFERT & WAGNER, PLLC

By: /s/ Nathan G. Wagner
Nathan G. Wagner
*Attorneys for Plaintiff*